IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVIN E. ANDERSON,<br><br>                    Petitioner,<br><br>    vs.<br><br>STATE OF NEBRASKA, and<br>NEBRASKA MENTAL HEALTH<br>BOARD,<br><br>                    Respondents. | **8:19CV172**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the court on preliminary review of Petitioner Devin E. Anderson's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254. However, because the petition appears to attack both Petitioner's present confinement in the Lincoln Regional Center[1] pursuant to a mental health board commitment order and his judgment of conviction in the District Court of Lancaster County, Nebraska, in Case No. CR14-1334, the petition is improper.

Rule 2(e) of the *Rules Governing Section 2254 Cases in the United States District Courts* states: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

Therefore, Petitioner must file an amended petition that specifies whether he is challenging his current placement at the Lincoln Regional Center or whether he is challenging his conviction in CR14-1334. If Petitioner wishes to challenge both,

---

[1] At the time he filed his petition, Petitioner was confined in the Norfolk Regional Center. (*See* Filing No. 1.) Subsequently, Petitioner filed a Notice of Change of Address stating that his place of confinement had changed to the Lincoln Regional Center. (Filing No. 6.)

then in this case (8:19CV172) he must file an amended petition challenging his placement at the Lincoln Regional Center and he must file a separate petition attacking his conviction in CR14-1334. Since he has been allowed to proceed in forma pauperis here, he will be allowed to proceed in forma pauperis when he files a new habeas case.

When filing his amended petition(s), Petitioner should be mindful of Rule 2 of the *Rules Governing Section 2254 Cases in the United States Courts* which requires that the "petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Because Petitioner is held at the Lincoln Regional Center, the proper respondent in a challenge to his current placement at the Lincoln Regional Center would appear to be Ashley Sacriste, Hospital Administrator, Lincoln Regional Center.[2]

Petitioner has also filed a motion requesting the appointment of counsel and that Respondents file an answer to his petition. (Filing No. 7.) Because the petition is improper, this matter will not proceed further until Petitioner files an amended petition or petitions in accordance with this Memorandum and Order. If Petitioner files an amended petition, the court will promptly examine it and order Respondents to file an answer unless it plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner's motion asking Respondents to answer his petition is, therefore, denied.

With respect to the appointment of counsel, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754,

---

[2] The court expresses no opinion regarding whether Ashley Sacriste or another state officer would be the proper respondent to name in a habeas petition challenging Petitioner's criminal conviction in CR14-1334.

756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Therefore, Petitioner's motion for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.      Petitioner shall file an amended petition in this case attacking either his current placement at the Lincoln Regional Center or his criminal conviction in the District Court of Lancaster County, Nebraska. If Petitioner intends to attack both, then he shall file an amended petition in this case attacking only his current placement at the Lincoln Regional Center and he shall file a new petition in a separate federal case attacking his criminal conviction.

2.      Petitioner is allowed to proceed in forma pauperis in both federal cases—this one and the new case yet to be filed.

3.      Petitioner shall have until **November 25, 2019**, to file the amended petition in this case and the new petition. Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

4.      Petitioner's motion (filing no. 7) is denied.

5.      The clerk of the court is directed to send Petitioner two copies of the form petition for a writ of habeas corpus under 28 U.S.C. § 2254.

6. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **November 25, 2019**: Check for amended petition.

Dated this 25th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge