IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVIN E. ANDERSON, | |
| Petitioner, | 8:19CV172 |
| vs. | |
| ASHLEY SACRISTE, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing 19.) In support of her Motion, Respondent filed a Brief (filing 24) and state court records (filings 20 & 22). Petitioner Devin E. Anderson ("Petitioner" or "Anderson") has not responded.[1] This matter is fully submitted for disposition. For the reasons set forth below, the Motion for Summary Judgment (filing 19) will be granted, and Anderson's Amended Petition for Writ of Habeas Corpus (filing 9) will be dismissed, without prejudice.

## I.   UNDISPUTED MATERIAL FACTS

The material undisputed facts are these:

1.   On August 24, 2015, Anderson pleaded no contest to the charges of attempted sexual assault in the second degree and child abuse in Lancaster County

---

[1] A third party filed correspondence on behalf of Petitioner. (Filings 26 & 27.) In a prior order, the court advised Petitioner that it would not consider these documents as filed in response to Respondent's summary judgment motion and that he had until September 9, 2020 to file a brief in opposition to the summary judgment motion. (Filing 28.) Petitioner did not file a responsive brief.

District Court, Case No. CR14-1334.[2] On November 12, 2015, the court sentenced Anderson to five years of probation on each count, to be served concurrently.[3]

2. On August 29, 2016, a Deputy Lancaster County Attorney filed a petition with the Lancaster County Board of Mental Health ("the mental health board") pursuant to Nebraska's Sex Offender Commitment Act ("SOCA"), Neb. Rev. Stat. §§ 71-1201 to 71-1226, requesting a hearing of the mental health board to determine whether Anderson was a dangerous sex offender and whether voluntary hospitalization or other treatment alternatives less restrictive of his liberty than a mental health board ordered treatment disposition was available or would suffice to prevent the harm described in Neb. Rev. Stat. § 83-174.01(1). (Filing 22-2.)

3. After multiple stipulated continuances by the parties (filing 22-3), the mental health board heard the petition on January 12, 2017. (Filing 22-1.) Anderson and his counsel were present at the hearing. (*Id.*)

4. On January 12, 2017, the mental health board adjudged Anderson to be mentally ill and a dangerous sex offender, by clear and convincing evidence, within the meaning of SOCA, Neb. Rev. Stat. §§ 71-1201 to 71-1226, and ordered him to be placed in the custody of the Nebraska Department of Health and Human Services ("DHHS") for inpatient sexual offender treatment with no set release date. (*Id.*)

---

[2] The court takes judicial notice of Anderson's state court records, which may be accessed online at the Nebraska Judicial Branch's JUSTICE website, https://www.nebraska.gov/justice/case.cgi. *See* Federal Rule of Evidence 201; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

[3] On November 12, 2020, the Lancaster County District Court entered an order approving Anderson's discharge from probation.

5. Anderson did not file an appeal or petition in error of the mental health board's January 12, 2017 commitment order in the Lancaster County District Court. (Filing 20-1 at CM/ECF p. 2, ¶ 6.)

6. Anderson filed two identical state habeas actions, one in August 2018 and the other in October 2018, challenging his judgment of conviction in Lancaster County District Court, Case No. CR14-1334. (Filing 20-2 at CM/ECF pp. 2-16; Filing 20-3 at CM/ECF pp. 2-17.) The state district court dismissed both actions. (Filing 20-2 at CM/ECF pp. 17-19; Filing 20-3 at CM/ECF pp. 18-20.) The habeas actions were not brought as direct appeals of the mental health board's January 12, 2017 order nor did they challenge the mental health board's January 12, 2017 order. (Filing 20-1 at CM/ECF p. 2, ¶ 7).

7. As of August 3, 2020, the mental health board had not entered any subsequent order of commitment or review. (*Id.* at CM/ECF p. 2, ¶ 5.)

## II. PETITIONER'S CLAIM

Summarized and condensed,[4] and as set forth in the court's prior progression order (filing 12), Petitioner asserted the following claim that was potentially cognizable in this court:

> Petitioner's due process rights were violated when he was committed as a mentally ill and dangerous person because (1) the proper procedures were not followed for his mental health board hearing, (2) the commitment was based on Dr. Paine's falsified testimony, and (3) there was inadequate evidence to support a finding of dangerousness.

(*See* Filing 9.)

---

[4] Petitioner did not object to the court's summary and condensation.

3

### III. ANALYSIS

Respondent argues that she is entitled to summary judgment because Anderson did not appeal the mental health board's January 12, 2017 order and therefore has not exhausted his state court remedies.[5] As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

---

[5] Respondent also argues that she is entitled to summary judgment because the limitations period set forth in 28 U.S.C. § 2244(d) ran before Anderson filed his federal action. (Filings 19 & 24.) As set forth below, the court resolves Respondent's summary judgment motion on exhaustion grounds, and therefore will not address Respondent's statute of limitations argument.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore "fairly present"[6] the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). "Such exhaustion requirements apply to petitioners seeking review of mental health commitment orders." *Herzog v. Cheyenne Cnty. Mental Health Bd.*, No. 8:08CV255, 2009 WL 1028093, at *1 (D. Neb. Apr. 15, 2009) (citing *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (unpublished) (holding that a civilly committed petitioner's request for release was a habeas action, noting that the exhaustion requirement applies, and remanding for determination regarding whether the petitioner "has fully exhausted the necessary state procedures to challenge his civil commitment")); *see also Ivey v. Sacriste*, No. 8:19CV153, 2020 WL 6158608, at *8 n.10 (D. Neb. Oct. 21, 2020); *Ivey v. Gibson*, No. 4:07CV3242, 2008 WL 5392136, at *4 n.7 (D. Neb. Dec. 19, 2008).

The Nebraska statute governing the findings of the mental health board states:

---

[6] "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

> The subject of a petition or the county attorney may appeal a treatment order of the mental health board under section 71-1209 to the district court. Such appeals shall be de novo on the record. A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases. The final judgment of the court shall be certified to and become a part of the records of the mental health board with respect to the subject.

Neb. Rev. Stat. § 71-1214.

Thus, under Nebraska law, Anderson's original commitment order dated January 12, 2017 was a final appealable order which had to be appealed within 30 days. *See* Neb. Rev. Stat. § 25-1912; *In re Interest of L.T.*, 886 N.W.2d 525, 529 (Neb. 2016); *In re Interest of D.I.*, No. A-18-237, 2018 WL 6839726, at *5 (Neb. Ct. App. Dec. 31, 2018). *See also In re Interest of Saville*, 626 N.W.2d 644, 648 (Neb. Ct. App. 2001) (an adjudication by a mental health board that an individual is "a mentally ill dangerous person" under the Nebraska Mental Health Commitment Act ("MHCA") is a final and appealable order which has to be appealed within 30 days); *Herzog v. Schaub*, No. 8:09CV265, 2010 WL 3023954, at *2 (D. Neb. Feb. 25, 2010) (same); *Herzog v. Cheyenne Cnty. Mental Health Bd., No.* 8:08CV255, 2009 WL 1028093, at *2 (D. Neb. Apr. 15, 2009) (same).

Anderson did not file an appeal of the mental health board's January 12, 2017 order to the state district court. Anderson has therefore failed to exhaust his state court remedies by failing to timely appeal to the Nebraska state courts prior to filing his habeas petition. *See Herzog*, 2009 WL 1028093, at *2. Anderson is now barred from filing an appeal of the mental health board's January 12, 2017 order because any appeal would be dismissed as untimely.

Aside from a direct appeal as set forth above, individuals committed pursuant to SOCA may "file, either personally or by counsel, petitions or applications for writs of habeas corpus for the purpose of challenging the legality of his or her custody or treatment." Neb. Rev. Stat. § 71-959(9); *see also D.I. v. Gibson*, 890

6

N.W.2d 506, 512 (Neb. 2017). Alternatively, individuals "may request and shall be entitled to a review hearing by the mental health board and to seek from the board an order of discharge from commitment or a change in treatment ordered by the board." Neb. Rev. Stat. § 71-1219; *see also In re D.I.*, 799 N.W.2d 664, 669 (Neb. 2011); *Martinez v. Dawson*, No. A-19-696, 2020 WL 1487278, at *4 (Neb. Ct. App. Mar. 24, 2020). Such a request may be made after the "filing of a periodic report under section 71-1216," Neb. Rev. Stat. § 71-1219, which requires that periodic reports be "filed and served no less frequently than every ninety days for a period of one year following submission of the subject's individualized treatment plan and every six months thereafter." Neb. Rev. Stat. § 71-1216.

In the event that Anderson chooses to file a state habeas corpus petition challenging the legality of his custody or treatment,[7] he must then appeal that decision to the Nebraska Court of Appeals and then to the Nebraska Supreme Court. If Anderson instead seeks a review hearing after the filing of his next periodic report, which should be filed no later than six months from now, he must then follow the appeal procedures set forth above, including appealing to the state district court, and then to the Nebraska Court of Appeals and Nebraska Supreme Court. After doing so, Anderson may seek habeas corpus relief in this court. In short, Anderson never

---

[7] The court is not in a position to opine regarding whether a writ of habeas corpus submitted to the state courts might provide a vehicle for correcting due process violations that allegedly occurred at the January 12, 2017 commitment hearing. Anderson is advised that a writ of habeas corpus ordinarily will not be granted where another adequate remedy exists. *Flora v. Escudero*, 526 N.W.2d 643 (Neb. 1995). The Nebraska Supreme Court has "repeatedly held that to release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void." *Mayfield v. Hartmann*, 375 N.W.2d 146, 149 (Neb. 1985). In addition, "[i]t has long been the rule in [Nebraska] that habeas corpus is a collateral proceeding and as such cannot be used as a substitute for an appeal or proceedings in error." *Id.* at 148 (citations omitted).

7

attempted to exhaust his state remedies. Thus, the Amended Petition will be dismissed, but the court will do so without prejudice to reassertion after exhaustion.[8]

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The court has applied the appropriate standard and determined that Anderson is not entitled to a certificate of appealability.

IT IS THERFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 19) is granted.

2. The Amended Petition for Writ of Habeas Corpus (filing 9) is dismissed without prejudice.

3. No certificate of appealability has been or will be issued.

4. Judgment will be issued by separate document.

---

[8] To be clear, this Memorandum and Order and accompanying Judgment is not a determination of the merits of Anderson's claim. In the event that Anderson exhausts his state court remedies, he will be able to return to this court without fear of the later petition being deemed "successive." *See Burton v. Stewart*, 549 U.S. 147 (2007) ("A habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a second or successive petition.") (quotation omitted).

Dated this 11th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge